■ MILDRED V. KANE, Appellant, v. URBAN J. KANE, Respondent.— In an action for a separation, the wife appeals from so much of a judgment of the Supreme Court, Kings County, made December 3, 1959, after trial, granting her a separation, as adjudged in its second decretal paragraph that she "is not entitled to alimony because of her earnings" and gave her permission to apply for a modification in the event of any subsequent change in her health or in her circumstances. Judgment, insofar as appealed from, modified on the law and the facts, with costs to the appellant, by striking therefrom the second decretal paragraph and by substituting therefor a provision awarding to the wife alimony of $25 a week, commencing as of December 10, 1959, and directing the husband to pay such alimony. The seventh finding of fact is reversed, and a new finding is made as follows: "Seventh. That on the basis of the respective earnings of the parties, the plaintiff wife is entitled to alimony of $25 a week, commencing as of December 10, 1959." From the undisputed evidence as to the amounts of the wife's earnings and her necessary expenditures, it appears that her salary is at the rate of $65 a week before deductions, and that her expenditures are about $48 per week. The evidence would also justify a finding that the husband's earnings are about $110 a week. Although a wife's earnings are to be considered (*Phillips* v. *Phillips*, 1 A D 2d 393, affd. 2 N Y 2d 742; *Sacknoff* v. *Sacknoff*, 6 A D 2d 879), disallowance of alimony altogether, on the stated figures, cannot be justified. In our opinion, under all the circumstances, an award of $25 a week for alimony would be fair. Since all the material evidence is now contained in the record, the judgment is amended accordingly pursuant to section 584 of the Civil Practice Act, without remission to the Special Term. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ MILDRED KAPLAN, Respondent, v. MORRIS KAPLAN, Appellant.— In an action by a wife to set aside a separation agreement on the ground of fraud and coercion, the husband appeals from an order of the Supreme Court, Kings County, dated March 14, 1960 which denied his motion for summary judgment dismissing the complaint. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ DOROTHY L. POLETIS, as Administratrix of the Estate of ANDREW POLETIS, Deceased, Appellant, v. LONG ISLAND LIGHTING COMPANY, Respondent.— In an action to recover damages for wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered December 13, 1957, dismissing the complaint at the end of plaintiff's case. Judgment affirmed, without costs. No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OTTO GOLDMAN, Also Known as SEYMOUR GOLDMAN, Appellant.— Defendant appeals from a judgment of the County Court, Suffolk County, rendered June 30, 1959, on a jury's verdict, convicting him of grand larceny in the second degree (a felony) and petit larceny (a misdemeanor) and sentencing him as a second felony offender to serve concurrent terms of five to ten years for the felony and one year for the misdemeanor. Judgment affirmed. No opinion. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.